# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6242 | **DATE** | 11/16/2007 |
| **CASE TITLE** | Sardisco vs. Valerie | | |

**DOCKET ENTRY TEXT**

We conclude that Sardisco's proposed complaint is frivolous and fails to state a claim under Rule 12(b)(6). Sardisco fails to allege how we might have jurisdiction over her claim or how we might have jurisdiction over Valerie, thus warranting dismissal of the matter pursuant to Rules 12(b)(1) and (2). For the foregoing reasons, we dismiss Sardisco's complaint and deny the *in forma pauperis* application (Doc. No. 4).  It is so ordered.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

(Reserved for use by the Court)

### ORDER

   Presently before us is Daniela Sardisco's November 5, 2007 petition to file her complaint *in forma pauperis*. Along with her petition, Sardisco submitted her proposed complaint, which asserts a claim against a defendant identified only as "Valerie," who apparently resides in either California or Texas.

   Pursuant to the relevant statute, we may grant leave to file *in forma pauperis* if the plaintiff demonstrates indigence such that he or she cannot pay the filing fee.  28 U.S.C. § 1915(a).  Our inquiry does not end there, however.  We must also review the complaint and dismiss it if we find that:  (1) it is frivolous or malicious; (2) it fails to state a claim upon which relief can be granted; or (3) it seeks damages from a defendant who is immune from such liability.  *Id.* § 1915(e)(2)(B).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Twombley*, 127 S. Ct. at 1965.  Because Sardisco proceeds *pro se*, we have a special responsibility to construe her complaint liberally.

   In support of her allegation of poverty, Sardisco submitted the required  financial affidavit.  Sardisco states therein that she is unemployed but has $11,000 in her cash, checking or savings account.  Given her apparent access to these funds, we simply cannot find she is unable to pay the $350 civil filing fee.

   Moreover, despite a liberal reading, we conclude that Sardisco's proposed complaint is frivolous and fails to state a claim under Rule 12(b)(6).  Sardisco has not articulated adequately what claim she might have against Valerie.  The complaint does not set forth any violation of Sardisco's constitutional rights or any other federal violation committed by Valerie.  In addition, Sardisco fails to allege how we might have jurisdiction over her claim or how we might have jurisdiction over Valerie, thus warranting dismissal of the matter pursuant to Rules 12(b)(1) and (2).

## STATEMENT

For the foregoing reasons, we dismiss Sardisco's complaint and deny the *in forma pauperis* application.  It is so ordered.